UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD A. WEST, | ) | Case No. 5:09cv1077 |
| | ) | Criminal Case No. 5:03cr330 |
| Petitioner, | ) | |
| | ) | Judge Dan Aaron Polster |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| UNITED STATES OF AMERICA, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

Before the Court is Petitioner Gerald A. West's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, filed on May 11, 2009. *ECF No. 1*. After being found guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), Petitioner received a 146 month sentence from the Court on August 23, 2004. *ECF No. 44*.[1] On appeal to the Sixth Circuit, the Court's decision was affirmed on February 16, 2006, and a mandate was issued on March 14, 2006. *ECF No. 57*.

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack.

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an

---

[1] All ECF references, except for the instant motion, are from the criminal case, No. 5:03cr330.

> order for its summary dismissal and cause the movant to be
> notified.  Otherwise, the judge shall order the United States
> Attorney to file an answer or other pleading within the period of
> time fixed by the court or to take such other action as the judge
> deems appropriate.

*Id*.  Having reviewed the records and transcripts relating to the judgment under attack, the Court finds that Petitioner is not entitled to relief.  Under 28 U.S.C. § 2255, the statute of limitations for Petitioner to file the instant motion is one year.  Petitioner has filed his motion more than three years after the Sixth Circuit affirmed the Court's decision and nearly three years from when his time to file a petition for writ of certiorari with the Supreme Court of the United States elapsed.  Accordingly, Petitioner's motion is clearly untimely.  Since it plainly appears from the petition and the prior proceedings that Petitioner is not entitled to relief under 28 U.S.C. § 2255, the petition is **SUMMARILY DISMISSED** under Rule 4(b).

        **IT IS SO ORDERED.**

        */s/Dan Aaron Polster     5/12/09*
        **Dan Aaron Polster**
        **United States District Judge**